# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**LAZARO ROBBIO,**

     **Plaintiff,**

**vs.**                        **Case No. 4:07cv94-SPM/WCS**

**PATRICK WALLEN, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On March 8, 2007, an order was entered directing the *pro se* prisoner Plaintiff to submit $4.40 as an initial partial filing fee.  Doc. 5.  Plaintiff's deadline for complying with that order expired on May 10, 2007.  *Id.*

Shortly after that order was entered, Plaintiff responded by filing a document entitled an "affidavit."  Doc. 6.  The affidavit is in the nature of argument concerning a Federal Tort Claim.  *Id.*  Because the argument presented there is nonsensical, and because Plaintiff has not responded in any meaningful way to the order requiring payment of the partial filing fee, this case should be dismissed for failure to comply with court orders.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.  Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).  Plaintiff was warned that if he failed to comply, the Court might order this dismissal of his case.  Doc. 5.  This case should now be dismissed without prejudice.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for Plaintiff's failure to comply with a court order and for his failure to prosecute this case.

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2007.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**